UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHNNY WALKER,

           Petitioner,

    -vs-

SUPERINTENDENT,
HAROLD GRAHAM

          Respondent.

_____

**DECISION AND ORDER**
**No. 09-CV-0544T**

## I.   Introduction

*Pro se* Petitioner Johnny Walker ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered August 7, 2006, in New York State, County Court, Orleans County (James P. Punch, J.), convicting him, after a jury trial, of Criminal Possession of a Controlled Substance in the Third Degree (N.Y. Penal Law ("Penal Law") § 220.16 [1]), Criminal Possession of a Controlled Substance in the Fourth Degree (Penal Law § 220.09 [1]), Criminal Impersonation in the Second Degree (Penal Law § 190.25 [1]), and Unlawful Possession of Marihuana (Penal Law § 221.05). Petitioner was sentenced, as a second felony offender, to concurrent determinate prison terms of six years on the third-degree drug possession count and three years on the fourth-degree drug possession count, followed by one year of post-release supervision. He was also sentenced to a concurrent,

definite one-year term of imprisonment for the criminal impersonation count and an unconditional discharge on the marihuana possession count.   Petitioner's sentence was ordered to run consecutively with the undischarged portion of the term remaining on an unrelated conviction.

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II.   Factual Background and Procedural History

By Orleans County Indictment No. 05-78, Petitioner was charged with Criminal Possession of a Controlled Substance in the Third Degree (N.Y. Penal Law ("Penal Law") § 220.16 [1]), Criminal Possession of a Controlled Substance in the Fourth Degree (Penal Law § 220.09 [1]), Criminal Impersonation in the Second Degree (Penal Law § 190.25 [1]), and Unlawful Possession of Marihuana (Penal Law § 221.05).   The charges arose from an incident that occurred on October 10, 2005 in the Village of Albion.

On that date, then 15-year-old Antane Lopez ("Lopez"), went to a pool hall in the Village of Albion with her sister, Chavai, Petitioner, Petitioner's sister, Alexis Spencer ("Spencer"), and a man named "Jay."   Trial Trans. [T.T.] 156-159, 232.   After about an hour at the pool hall, where she smoked marihuana, Lopez prepared to go home.   Before leaving, Petitioner gave Lopez a bag containing crack cocaine to hold for him.   Aware that the bag contained crack cocaine, Lopez put the drugs inside her bra.   T.T. 160-162, 170-

173.   Leaving in the same truck in which they arrived, Spencer drove the vehicle, Petitioner sat in the front passenger seat, Lopez sat in the rear passenger seat, and a man named Kenny McNeil sat in the rear seat behind the driver, and "Jay" sat between McNeil and Lopez.  T.T. 163-164, 233.

Shortly after leaving the pool hall, at about 8:30 p.m., Investigator Joseph Sacco, Sergeant Luft, and other police officers, pulled over the truck.  T.T. 165, 183.  Before the officers approached the truck, Lopez told Spencer that she had drugs in her bra.  Petitioner then gave Spencer money to hold for him.  T.T. 233.   While Sergeant Luft spoke with Spencer, Investigator Sacco approached Petitioner and asked for identification.  Petitioner had no identification documents, but said that his name was Sylvester Downs.   T.T. 183, 184. Investigator Sacco searched Petitioner and recovered a marihuana cigarette.  Petitioner was then arrested.  T.T. 185.

Lopez was removed from the truck and placed in a police car. When the police asked her if she possessed any contraband, she initially stated that she did not.   However, when she was transported to the precinct, she removed the cocaine from her bra and surrendered it to Investigator Sacco.  T.T. 165-166.  Lopez subsequently received immunity from prosecution for the drugs in her bra in exchange for her testimony against Petitioner. T.T. 169-170.

Petitioner presented no evidence at trial.

After a jury trial, Petitioner was found guilty as charged. T.T. 313. Subsequently, he was sentenced, as a second felony offender, to concurrent, determinate prison terms of six years on the third-degree possession count and three years on the fourth-degree possession count, followed by one year of post-release supervision. Petitioner was also sentenced to a concurrent, definite one-year jail term on the criminal impersonation count and an unconditional discharge on the marihuana possession count. Petitioner's sentences were ordered to run consecutively to the undischarged portion of the term remaining on his unrelated convictions. Sentencing Mins. [S.M.] 5, 9-10.

The Appellate Division, Fourth Department unanimously affirmed the judgment of conviction on April 25, 2008. People v. Walker, 50 A.D.3d 1452 (4th Dep't 2008) (Resp't Ex. E); lv. denied, 11 N.Y.3d 795 (2008) (Resp't Ex. G.). On January 6, 2009, the New York Court of Appeals denied Petitioner's application for reconsideration. See Resp't Ex. H.

This habeas corpus petition followed, wherein Petitioner seeks relief on the following grounds: (1) his drug possession convictions were not supported by legally sufficient evidence; (2) his drug possession convictions were not supported by the weight of the evidence; (3) he was denied a fair trial because of the prosecutor's remarks on summation; (4) ineffective assistance

of trial counsel; (5) the trial court erred in refusing to rule on Petitioner's *pro se* motions; and (6) the prosecutor committed misconduct during the grand jury proceedings. See Pet. ¶ 16A-E (Dkt. No. 1); Pet'r Response (Dkt. No. 22).

## III. General Principles Applicable to Habeas Review

### A.    The AEDPA Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2).  A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000).  The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant

state-court decision. <u>Williams</u>, 529 U.S. at 412;   <u>accord</u> <u>Sevencan</u> <u>v. Herbert</u>, 342 F.3d 69, 73-74 (2d Cir. 2002), <u>cert. denied</u>, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. <u>Williams</u>, 529 U.S. at 413; <u>see also</u> <u>id.</u> at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." <u>Aparicio v. Artuz</u>, 269 F.3d 78, 94 (2d Cir. 2001).  Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." <u>Id.</u> This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." <u>Francis S. v. Stone</u>, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct.  The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); <u>see also</u> <u>Parsad v. Greiner</u>, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), <u>cert.</u>

-6-

denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003).  A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B.   Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995).  "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984).

However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263 n.9 (1989)).  Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28

U.S.C. Section 2254(b)." <u>Grey</u>, 933 F.2d at 120. The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes federal court litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice. <u>See Wainwright v. Sykes</u>, 433 U.S. 72, 87-91 (1977).

### C. The Adequate and Independent State Ground Doctrine

A procedural default generally bars a federal court from reviewing the merits of a habeas claim. <u>Id.</u> at 72. Federal habeas review is prohibited if a state court rests its judgment on a state law ground that is "independent of the federal question and adequate to support the judgment." <u>Cotto v. Herbert</u>, 331 F.3d 217, 238 (2d Cir. 2003) (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991)); <u>accord</u> <u>Jones v. Stinson</u>, 229 F.3d 112, 117 (2d Cir. 2000). A state procedural bar qualifies as an "independent and adequate" state law ground where "'the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.'" <u>Levine v. Comm'r of Corr. Servs.</u>, 44 F.3d 121, 126 (2d Cir. 1995) (quoting <u>Harris v. Reed</u>, 489 U.S. 255, 262 (1989)). A state procedural rule will be adequate to preclude habeas review if it is "firmly established and regularly followed," unless the state rule is "exorbitant." <u>Lee v.</u>

<u>Kemna</u>, 534 U.S. 362, 376 (2002) (quoting <u>James v. Kentucky</u>, 466 U.S. 341, 348 (1984)).

A federal court may review a claim, notwithstanding the petitioner's default, if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." <u>Coleman</u>, 501 U.S. at 750; <u>see also</u> <u>Levine</u>, 44 F.3d at 126; <u>Grey</u>, 933 F.2d at 121.  A petitioner may establish cause by pointing to "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986); <u>accord</u> <u>Coleman</u>, 501 U.S. at 753.  A petitioner suffers actual prejudice if the outcome of the case would likely have been different had the alleged constitutional violation not occurred.  <u>See</u> <u>Reed v. Ross</u>, 468 U.S. 1, 12 (1984).  Alternatively, even if the petitioner is unable to show cause and prejudice, the court may consider the claim if he can demonstrate that failure to do so will result in a "fundamental miscarriage of justice." <u>Coleman</u>, 501 U.S. at 750.

**IV.  Petitioner's Claims**

**1.  Prosecutorial Misconduct on Summation and at Grand Jury Proceeding**

Petitioner argues, as he did on direct appeal, that he was denied a fair trial by prosecutorial misconduct during summation and during the grand jury proceeding.  <u>See</u> Pet. ¶ 16A, D.  The Appellate Division, Fourth Department rejected these claims on a state procedural ground because Petitioner failed to properly

preserve them for appellate review.[1]  Walker, 50 A.D.3d at 1453.
Consequently, as discussed below, these claims are procedurally
defaulted from habeas review by this Court.

A federal court may not review a question of federal law
decided by a state court if the state court's decision rested on a
state law ground that is independent of the federal question and
adequate to support the judgment.  See Coleman, 501 U.S. at 751.
Here, the state court relied on New York's preservation rule
(codified at CPL § 470.05 [2]) to deny Petitioner's claims because
they had not been properly preserved for appellate review.  See
Walker, 50 A.D.3d at 1453.  The Second Circuit has determined that
CPL § 470.05 [2] is an independent and adequate state procedural
ground.  See Garcia v. Lewis, 188 F.3d 71, 79-82 (2d Cir. 1999);
Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990).  The Appellate
Division, Fourth Department's reliance on New York's preservation
rule is an adequate and independent state ground which precludes
this Court's review of Petitioner's claims.

This Court, however, may reach the merits of Petitioner's
claims, despite the procedural default, if he can demonstrate
cause for the default and prejudice, or that failure to consider

---

[1]
Alternatively, the Appellate Division, Fourth Department rejected these
claims on the merits, finding that: "[i]n any event, those contentions are
without merit.  The prosecutor's isolated remark during summation was not so
egregious or improper as to deny defendant a fair trial, and none of the
prosecutor's allegedly improper actions during the grand jury proceeding rendered
the indictment defective."  Walker, 50 A.D.3d at 1453 (internal citations
omitted).

the claim will result in a fundamental miscarriage of justice.  See Coleman, 501 U.S. at 750.  Liberally construing the petition, Petitioner alleges ineffective assistance of trial counsel as cause for the default.  See Pet. ¶ 16C.  A claim of ineffective assistance of counsel may establish cause for a procedural default. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000);  McCleskey v. Zant, 499 U.S. 467, 494 (1991);  United States v. Frady, 456 U.S. 152, 168 (1982).  However, in order to constitute cause, counsel's ineffectiveness must itself rise to the level of a constitutional violation.  McCleskey, 499 U.S. at 494 ("Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default.").  Here, Petitioner's stand-alone ineffective assistance of counsel claim is meritless (see Section "IV, 3" below).  Consequently, he cannot establish "cause" to excuse the procedural default.  Moreover, Petitioner has failed to demonstrate that this Court's failure to review the claim will result in a fundamental miscarriage of justice.

Accordingly, Petitioner's claims that prosecutorial misconduct during summation and during the grand jury proceeding denied him a fair trial are procedurally defaulted from review by this Court and are dismissed on that basis.

**2.   Trial Court Improperly Refused to Consider Petitioner's *Pro Se* Motions**

Petitioner argues, as he did on direct appeal, that the trial court abused its discretion by refusing to consider his *pro se* motions because he was represented by counsel. See Pet. ¶ 16D. The Appellate Division, Fourth Department rejected this claim on the merits, finding that "County Court did not abuse its discretion in declining to address [Petitioner's] *pro se* motions." Walker, 50 A.D.3d at 1453 (citations omitted). As discussed below, this claim is unexhausted but deemed exhausted and procedurally defaulted.

To satisfy the exhaustion requirement, a habeas petitioner must have afforded the state courts a fair opportunity to consider his federal claim. Picard v. Connor, 404 U.S. 270 (1971). In other words, he must present essentially the same factual allegations and legal doctrines to the state court and federal court. Daye, 696 F.2d at 191. The manner in which a state defendant may fairly present the constitutional nature of his claim includes reliance on pertinent federal cases employing constitutional analysis, reliance on state cases employing constitutional analysis in like fact situations, assertion of the claims in terms so particular as to call to mind a specific right protected by the Constitution, and an allegation of a pattern of facts that is well within the mainstream of constitutional litigation. Id. at 194.

Although Petitioner has raised the same factual allegations here as he did on appeal, he did not apprise the state appellate courts of the federal constitutional nature of his claim. Rather, in raising this claim in his *pro se* supplemental brief, Petitioner relied solely on state law principles, thereby failing to alert the appellate court to the federal constitutional dimension of his claim. Accordingly, the claim is unexhausted.

Moreover, because state appellate review is no longer available to Petitioner, the Court deems the claim exhausted but procedurally defaulted. See Grey, 933 F.2d at 120. Petitioner filed one direct appeal to the Appellate Division, Fourth Department and was denied leave to appeal to the New York Court of Appeals. He may not file another direct appeal. See N.Y. Court R. § 500.20; see also Aparicio v. Artuz, 269 F.3d 78, 91 (2d Cir. 2001). Moreover, collateral review of this claim is barred because it was raised and determined on the merits on direct appeal to the Appellate Division, Fourth Department. See CPL § 440.10(2)(a) (the court must deny a motion to vacate a judgment when the ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment).

Despite the procedural default, this Court may review the merits of Petitioner's claim if he can demonstrate cause for the default and prejudice therefrom, or that this Court's failure to review the claim will result in a miscarriage of justice. See

Murray, 477 U.S. at 485, 496.   Petitioner has not alleged cause for the default, and his conclusory statements that the state courts' improperly refused to entertain his "meritorious" motions are insufficient to show actual prejudice resulting from the default. See Pet'r Resp. at 4-5.   Moreover, he has failed to demonstrate that this Court's failure to review the claim will result in a fundamental miscarriage of justice.   Accordingly, the claim is dismissed as procedurally defaulted.

**3.   Ineffective Assistance of Trial Counsel**

Petitioner asserts, as he did on direct appeal, that he received ineffective assistance of trial counsel because: (1) his initial attorney[2] violated the attorney-client privilege by disclosing a confidential letter to the prosecutor at the grand jury proceeding; (2) his trial attorney failed to request a probable cause hearing;  (3) his trial attorney failed to request an accomplice charge with respect to Spencer; and (4) his trial attorney failed to object to the prosecutor's summation remarks. See Pet. ¶ 16C.   The Appellate Division, Fourth Department,

---

[2]

The record reflects that the trial court relieved Petitioner's initial attorney and appointed Mary Feindt, Esq. as Petitioner's trial counsel. T.T. 36, 43-44.

rejected this claim on the merits.[3]  _Walker_, 50 A.D.3d at 1453-1454.  As discussed below, this claim is meritless.

To demonstrate a violation of his Sixth Amendment right to the effective assistance of counsel, a petitioner must show that his attorney's representation was deficient in light of prevailing professional norms and that prejudice inured to him as a result of that deficient performance.  _Strickland v. Washington_, 466 U.S. 668, 687 (1984).  To satisfy the first prong, counsel's conduct must have "so undermined the proper functioning of the adversarial process" that the process "cannot be relied on as having produced a just result[.]"  _Id._ at 686.  As to the second prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional" performance, the result of the trial would have been different.  _Id._ at 694.  Petitioner cannot meet this standard.

---

3

The Appellate Division, Fourth Department ruled as follows: "[c]ontrary to the contention of [Petitioner] in his main brief, defense counsel's failure to object to the prosecutor's allegedly improper remark during summation did not amount to ineffective assistance of counsel. With respect to the alleged errors of defense counsel set forth in [Petitioner's] pro se supplemental brief, we conclude that any error by former defense counsel in turning a letter over to the People at the grand jury proceeding did not prejudice [Petitioner] because the court precluded the People from introducing that letter in evidence at trial. We further conclude that [Petitioner] failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's failure to request a probable cause hearing, and the failure of defense counsel to request an accomplice charge with respect to [Petitioner's] sister. The evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that [Petitioner] received meaningful representation." _Walker_, 50 A.D.3d at 1453-1454 (internal citations and quotations omitted).

The record before this Court reveals that, prior to trial, Petitioner's attorney filed an omnibus motion, in which she challenged the legal sufficiency of the evidence supporting the indictment and sought discovery materials. See Resp't Ex. I at 129-147. During jury selection, Petitioner's counsel actively participated in the voir dire process, questioning prospective jurors and challenging potential jury panelists. T.T. 126-136. Throughout the trial, counsel consistently and skillfully pursued a sensible strategy, attacking the credibility of the People's main witness, Lopez, while eliciting from Spencer that she had money in her purse before Petitioner gave her any money and that she did not know how much money Petitioner gave her. T.T. 167-177, 234-235. During summation, counsel argued to the jury that Lopez's testimony was the only evidence that Petitioner was in possession of the crack cocaine. Counsel pointed out that, although Spencer was with Petitioner and Lopez, she did not see Petitioner possess cocaine and did not see Petitioner give Lopez cocaine. T.T. 256. Counsel argued that Lopez was not a credible witness because she was a drug user and because it did not make sense that she would accept what she knew to be cocaine from Petitioner, whom she had met only a couple of times before, and then stuff the drugs into her bra. T.T. 256-257.

Despite counsel's competent and vigorous representation throughout the trial, Petitioner contends that trial counsel was

ineffective because she failed to seek a probable cause hearing prior to trial. However, the record reflects that there was no evidence that could have been suppressed upon a finding that no probable cause existed for Petitioner's arrest. The cocaine introduced at trial was recovered from Lopez and the money was recovered from Spencer.[4]  Furthermore, Petitioner did not have standing to assert the privacy rights of the other occupants of the vehicle. See United States v. Pabon, 603 F.Supp.2d 406, 414-416 (N.D.N.Y. 2009) (Fourth Amendment rights are personal to the individual and cannot be asserted vicariously). Since no evidence was recovered from Petitioner as a result of his arrest, he would have no remedy even if the court had concluded that there was no probable cause for his arrest. Therefore, it was not unreasonable for trial counsel not to have sought a probable cause hearing.

Next, Petitioner argues that his trial counsel was ineffective for failing to seek an accomplice charge with respect to his sister (Spencer). This argument fails because there was no basis upon which Spencer could have been considered an accomplice. She did not possess illegal drugs when her car was stopped. According to her testimony, she did not even witness Petitioner giving crack cocaine to Lopez. While Spencer did testify that Petitioner gave her money to hold for him, that, by itself, did not constitute

---

[4]

Although the police recovered marihuana from Petitioner, Investigator Sacco testified at trial that Petitioner was arrested after the marihuana was recovered. T.T. 183-185.

illegal activity.  Since there was no evidence at trial that
Spencer had been involved in a crime, it was not unreasonable for
counsel not to have asked the court to instruct the jury that
Spencer be considered an accomplice.

Similarly, Petitioner's trial attorney was not ineffective for
failing to object to the prosecutor's summation remarks in which he
stated, "you are the conscience of the community.  And it is up to
you to tell this Defendant that he can't come here from Rochester
with his drugs.  He can't grab our 15 year old girls and hide
behind them in his sale of drugs in our community."  T.T. 266.  In
his summation, the prosecutor explained to the jury that Petitioner
came from Rochester to the Village of Albion, where he gave 15-
year-old Lopez a large quantity of cocaine to hold for him.  The
prosecutor also noted that Petitioner made further attempts to
distance himself from his own criminal conduct by giving his sister
a substantial sum of money and offering his cousin's name when the
police asked Petitioner to identify himself.  T.T. 262-263.  Given
the evidence presented at trial, the prosecutor's comments were
fair and within the bounds of permissible rhetoric.  To this
extent, it was not unreasonable for trial counsel not to have
objected to the prosecutor's remarks on summation.

Finally, Petitioner claims that his initial attorney was
ineffective because, during the grand jury proceedings, he
improperly gave the prosecutor a confidential letter that

Petitioner wished to remain secret.  However, the record reflects that before the start of the trial, the parties discussed the improper disclosure with the court.  The court ruled that, as a result of the improper disclosure, the prosecutor would be precluded from using the letter during the trial. T.T. 43-44.  The prosecutor obeyed the court's order, and the letter was not mentioned during the trial.  To this extent, Petitioner cannot show that he was prejudiced by his attorney's conduct.

In sum, Petitioner has failed to demonstrate that his attorney's performance was constitutionally deficient and that, but for his attorney's alleged deficient performance, there is a reasonable probability that the outcome of the trial would have been different.  Accordingly, this Court cannot find that the state court's adjudication of this claim contravened or unreasonably applied settled Supreme Court law and the claim is therefore dismissed in its entirety.

## 4.   Sufficiency of the Evidence & Weight of the Evidence Claims

Petitioner argues, as he did on direct appeal, that the evidence was not legally sufficient to support his convictions for criminal possession of a controlled substance in the third and fourth degrees, and the verdict was against the weight of the evidence.   See Pet. ¶ 16A.   The Appellate Division, Fourth Department rejected both of these claims, finding that the former issue had not been properly preserved for appellate review and that

the latter was meritless.    See Walker, 50 A.D.3d at 1452.    As discussed below, neither of these claims provide a basis for habeas relief.

### (A)    Sufficiency of the Evidence Claim

Petitioner contends that the evidence was legally insufficient to support his convictions for criminal possession of a controlled substance in the third degree and fourth degrees.    Specifically, he argues that the testimony of Lopez, an accomplice, was not sufficiently corroborated at trial.    See Pet. ¶ 16A.    The Appellate Division, Fourth Department rejected this claim, finding that it had not been properly preserved for appellate review, and, in any event, was meritless.[5]    See Walker, 50 A.D.3d at 1452-1453. Respondent asserts, citing relevant caselaw, that this finding does not procedurally bar habeas review in this case because the Appellate Division, Fourth Department improperly applied New York's preservation rule, codified at CPL § 470.05 [2].    See Resp't Mem. of Law at 13-14.    Under New York law, a party must preserve for appellate review a challenge to the legal sufficiency supporting a

---

[5]

The Court ruled as follows: "[Petitioner] contends that the evidence is legally insufficient to support the conviction because the testimony of the accomplice was neither credible nor sufficiently corroborated. [Petitioner] failed to preserve that contention for our review.    The testimony of the accomplice that [Petitioner] asked her to hold cocaine for him and that she placed the cocaine in her bra was not incredible as a matter of law.    The testimony of the accomplice was sufficiently corroborated by evidence that [Petitioner] asked his sister to hold a large sum of money for him when the police pulled over the vehicle driven by [Petitioner's] sister in which [Petitioner] and the accomplice were passengers.    In addition, it was corroborated by evidence that, when asked by police to identify himself, [Petitioner] gave his cousin's name.    That nonaccomplice evidence tended to connect [Petitioner] to the crimes charged." Walker, 50 A.D.3d at 1452.

conviction with a specific motion to dismiss at trial.  Under CPL § 470.05 [2], a claim of error can be preserved for appellate review by: a party making a specific protest at a time when the trial court has an opportunity to effectively correct the error; or by the court expressly deciding the issue in response to a protest by the party.  According to Respondent, Petitioner's legal sufficiency claim was preserved by the second method.  Id. at 14. Petitioner has not specifically addressed this issue in his papers. Because this claim can be easily resolved on the merits, and to the extent that the Appellate Division, Fourth Department alternatively rejected the claim on the merits, the Court resolves said claim on the merits without addressing the procedural bar issue.

Under the clearly established law set forth in Jackson v. Virginia, 443 U.S. 307 (1979), a habeas petitioner "bears a very heavy burden" when challenging the legal sufficiency of his state criminal conviction.  Einaugler v. Supreme Court of the State of N.Y., 109 F.3d 836, 840 (2d Cir. 1997) (quotation omitted).  A habeas court must defer to the assessments of the credibility of the witnesses that were made by the jury, and it may not substitute its view of the evidence for that of the jury.  Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996).  A "federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved

-21-

any such conflicts in favor of the prosecution, and must defer to that resolution." Wheel v. Robinson, 34 F.3d 60, 66 (2d Cir. 1994), cert. denied, 514 U.S. 1066 (1995) (quoting Jackson, 443 U.S. at 326). After considering the trial evidence in the light most favorable to the prosecution, the reviewing court must uphold the conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original). In applying this standard to Petitioner's case, he is not entitled to habeas relief.

In addition to proving the elements of the crimes charged, CPL § 60.22 [1] provides that, "[a] defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense." CPL § 60.22. The corroboration rule "requires only enough nonaccomplice evidence to assure that the accomplices have offered credible probative evidence." People v. Besser, 96 N.Y.2d 136, 143 (2001), citing People v. Breland, 83 N.Y.2d 286, 293 (1994); see also People v. Arlington, 31 A.D.3d 801 (3d Dep't 2006) (accomplice evidence is sufficiently corroborated where there is evidence which could reasonably convince a jury that the accomplice testimony is credible.). The purposes of the statute is not to establish a defendant's guilt independently, but rather "to provide some basis for the jury to conclude the accomplice testimony is credible." Besser, 96 N.Y.2d at 143.

Therefore, "seemingly insignificant matters may harmonize with the accomplice narrative so as to provide the necessary corroboration." Id. (internal quotations and citations omitted).

Here, Lopez was an accomplice[6] who testified against Petitioner pursuant to an agreement with the District Attorney's Office.  According to Lopez, Petitioner gave her a bag containing crack cocaine, asking her to hold it for him.  Lopez took the drugs, which weighed over 1/8 of an ounce and was packaged for distribution, and concealed it inside her bra, where it remained until the police arrested her.  With adequate corroboration of Lopez's testimony, the evidence legally established Petitioner's guilt of Criminal Possession of a Controlled Substance in the Third Degree[7] and Criminal Possession of a Controlled Substance in the Fourth Degree.[8]

As the Appellate Division, Fourth Department properly concluded, there was legally sufficient evidence present at trial

---

[6]

Under CPL § 60.22 [2], "[a]n 'accomplice' means a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in: (a) [t]he offense charged; or (b) [a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged."

[7]

"A person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses a narcotic drug with intent to sell it."  Penal Law § 220.16 [1].

[8]

"A person is guilty of criminal possession of a controlled substance in the fourth degree when he knowingly and unlawfully possesses one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of one-eighth ounce or more."  Penal Law § 220.09 [1].

to corroborate Lopez's testimony.  Petitioner's sister, Spencer, testified that after the police pulled over her truck, in which Petitioner and Lopez were passengers, Petitioner gave Spencer a large sum of money to hold for him just before the police officers approached the vehicle.  That evidence demonstrated that Petitioner was employing other individuals to conceal his connection to drug-related activity.  Additionally, when the police asked Petitioner for identification, he falsely gave his cousin's name, which demonstrated his consciousness of guilt.  Thus, the non-accomplice evidence at trial was sufficient to provide the jury a reasonable basis to conclude that Lopez's testimony was credible and tended to connect him with the crimes charged.

Accordingly, the Court cannot find that the state court's adjudication of this claim contravened or unreasonably applied settled Supreme Court law.  Petitioner's sufficiency of the evidence claim is therefore dismissed as meritless.

**(B)  Weight of the Evidence Claim**

Petitioner contends that the verdict was against the weight of the evidence.  See Pet. ¶ 16A.  On direct appeal, the Appellate Division, Fourth Department rejected this claim on the merits.  See Walker, 50 A.D.3d at 1453.  As discussed below, the claim is not cognizable by this Court on habeas review.

Challenges to the weight of the evidence supporting a conviction, unlike challenges to the sufficiency of the evidence,

are not cognizable on federal habeas review.  See e.g., Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996).  A claim that a verdict was against the weight of the evidence derives from CPL § 470.15 [5] which permits an appellate court in New York to reverse or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence."  CPL § 470.15 [5].  Thus, the "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. People v. Bleakley, 69 N.Y.2d 490, 495 (1987).  Since a weight of the evidence claim is purely a matter of state law, it is not cognizable on habeas review.  See 28 U.S.C. § 2254(a);  Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Accordingly, Petitioner's weight of the evidence claim provides no basis for habeas relief and is dismissed as not cognizable.

V.   **Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is denied, and the petition is dismissed.  Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right,"

28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. <u>See, e.g.</u>, <u>Lucidore v. New York State Div. of Parole</u>, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     September 29, 2011
           Rochester, New York

-26-